E-FILED
Friday, 02 March, 2018 04:44:15 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CHARLES MOJAPELO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AVIS CAR RENTAL, ) <br> ) <br> Respondent. ) | Case No. 1:18-cv-01029-JBM-JEH |

## ORDER & OPINION

The matter is before the Court on a Motion to Dismiss filed by Defendant Avis Car Rental. (Doc. 6). For the reasons stated below, the motion is DENIED.

### BACKGROUND

For a brief period, Plaintiff Charles Mojapelo was employed by Defendant Avis Car Rental ("Avis") to maintain and prepare Avis's cars for rental. On July 31, 2017, Mojapelo filed a lawsuit in the Eleventh Judicial Circuit Court, McLean County, Illinois, for withheld wages. (Doc. 1-1, Exh. 1). Mojapelo later amended his complaint to assert claims for age discrimination under Title VII, national origin discrimination under Title VII and the Illinois Constitution, and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (Docs. 1-3, Exh. 3; 1-4, Exh. 4). On January 25, 2018, Avis removed the case to federal court based on federal question and diversity jurisdiction. (Doc. 1).

1

On February 7, 2018, Avis filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Avis argues that Plaintiff's age and national origin discrimination claims under Title VII and the Illinois Constitution must be dismissed for failure to exhaust administrative remedies. (Doc. 6). Plaintiff failed to timely respond to Defendant's motion, though he filed a motion for extension of time to file a response a week after his response deadline lapsed. (Doc. 9). It is irrelevant, however, whether the motion is deemed opposed or unopposed[1] because as explained below, Avis's motion to dismiss is denied.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient detail to give defendant notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard requires enough facts to "present a story that holds together,"

---

[1] *See Gilliam v. Joint Logistics Managers, Inc.*, No. 16-4077, 2017 WL 758459 (C.D. Ill. Feb. 27, 2017) (citing L.R. 7.1(B)(2) which deems a motion unopposed if the responding party fails to respond).

but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff has brought claims for age and national origin discrimination under Title VII and Article 1, Section 17, of the Illinois Constitution. The Illinois Constitution does not authorize a private right of action to enforce Article 1, Section 17; rather, the Illinois Human Rights Act ("IHRA") provides the exclusive remedy for discrimination claims. *Curtis v. Continental Ill. Nat. Bank*, 568 F.Supp. 740, 742 (N.D. Ill. 1983). The IHRA limits this Court's jurisdiction to claims that have first been raised through the administrative procedures set forth in the statute. See 775 ILL. COMP. STAT. 5/8–111(D) ("[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act"). Thus, a discrimination lawsuit under the IHRA cannot be brought in state or federal court before plaintiff files an administrative charge with the Illinois Department of Human Rights ("IDHR"). *See McQueen v. City of Chi.*, 803 F.Supp.2d 892, 902 (N.D. Ill. 2011); *Miller v. Am. Airlines, Inc.,* 525 F.3d 520, 525 (7th Cir.2008); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985); *Kalush v. Ill. Dep't of Human Rights Chief Legal Counsel*, 700 N.E.2d 132, 140 (1998); *see also Zaderaka v. Ill. Human Rights Comm'n*, 545 N.E.2d 684, 687–88 (1989) (adopting Title VII framework for IHRA cases). Likewise, as a general rule, before

3

bringing a lawsuit under Title VII, a plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473 (7th Cir. 2009); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).[2]

However, a party's failure to exhaust his administrative remedies is an affirmative defense. *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921-22 (7th Cir.2007). A failure to exhaust administrative remedies is not a jurisdictional flaw. *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). Consequently, a complaint may not be dismissed for merely failing to rebut an affirmative defense; dismissal is only appropriate if a "litigant [ ] pleads [himself] out of court by alleging (and thus admitting) the ingredients of a defense." *Weiler v. Vill. of Oak Lawn*, 86 F.Supp.3d 874, 881 (N.D. Ill. 2015) (quoting *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003)); *see Krause v. Turnberry Country Club*, 571 F. Supp. 2d 851, 858 (N.D. Ill. 2008). In other words, in order to state a claim for discrimination under Title VII or the IHRA, a plaintiff is not required to plead facts showing that he exhausted his administrative remedies. It is not clear from Mojapelo's second amended complaint that the affirmative defense of failure to exhaust is satisfied. *See Bibbs v. Sheriff of Cook County*, 618 F.App'x 847 (7th Cir. July 2, 2015) (reversing 12(b)(6) dismissal in

---

[2] Although, the administrative remedy procedure requires that IHRA claims be initiated with a charge filed with the IDHR, 775 ILCS 5/7A-102(A), or with the EEOC, in which case the charge will be deemed to have been filed with the IDHR, 775 ILCS 5/7A-102(A-1). The charge must be filed within 180 days of the date of the alleged civil rights violation. 775 ILCS 5/7A-102(A)(1); 775 ILCS 5/7A-102(A-1)(1). This is shorter than the 300-day time period for filing a charge to exhaust administrative remedies prior to a federal discrimination claim in a "deferral state" like Illinois.

Title VII case for failure to exhaust because the third amended complaint did not show that the affirmative defense was satisfied).

## CONCLUSION

For the reasons stated, Avis's motion to dismiss (Doc. 6) is DENIED. Plaintiff's Motion for Extension of Time to File a Response (Doc. 9) is DENIED as MOOT.

Entered this 2nd day of March, 2018.

                                              s/ Joe B. McDade
                                              JOE BILLY McDADE
                                 United States Senior District Judge