# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CHARLES MOJAPELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-1029 |
| ) | |
| AVIS BUDGET CAR RENTAL, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER & OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 35), Plaintiff's Motion to Accept Documents (Doc. 47) filed attendant to his response to Defendant's Motion for Summary Judgment, and Plaintiff's Motion for Voluntary Dismissal (Doc. 49). Each motion is fully briefed and ripe for review.

### BACKGROUND

Plaintiff Charles Mojapelo applied to work as a shuttler for Defendant Avis Budget Car Rental, LLC, in Bloomington, Illinois. (Doc. 35-2). He was interviewed by Mark Hutchins, an employee of Defendant, and hired. (Doc. 35 at 2). Along with other pre-employment paperwork, he filled out a consumer report authorization form. (Doc. 35-1 at 21-22). Defendant subsequently procured a consumer report. The application, interview, pre-employment paperwork and investigations, and hiring occurred in April and May of 2012.

There is no dispute that Plaintiff reported for work on his first day and filled out employment paperwork. Among other things, Plaintiff filled out an I-9 form on

which he indicated his work authorization was pending. (Doc. 35-9 at 2). Although he does not dispute this, Plaintiff disputes the date on the paperwork. (Doc. 46).

The parties' accounts diverge here. According to Defendant, Plaintiff was to work on an as-needed basis when called in by Defendant. (Doc. 35 at 3). Shuttlers so scheduled who failed to report for more than 30 days were automatically terminated. (Doc. 35 at 3). Margina Arbuckle, an employee of Defendant, attempted to call Plaintiff several times, but he never reported for work. (Doc. 35 at 3). Hutchins instructed Arbuckle to stop attempting to contact Plaintiff until Plaintiff's work authorization was resolved; Plaintiff was subsequently terminated after not being available for 30 days. (Docs. 35 at 3; 35-1).

Plaintiff tells a different story. He maintains he was scheduled to work four days a week. (Doc. 45 at 3). He describes his duties in detail. (Doc. 45 at 3). Additionally, Plaintiff submits an affidavit stating he worked this schedule for "several weeks" but never received compensation. (Doc. 45-1 at 8).

In July of 2017, Plaintiff filed a complaint in the Circuit Court of the Eleventh Judicial Circuit in McLean County, Illinois, alleging unpaid wages. (Doc. 1-1 at 4). He subsequently filed First and Second Amended Complaints in December 2017 and January 2018, respectively, adding claims under the Fair Credit Reporting Act (FCRA), Title VII of the Civil Rights Act of 1964, and the Illinois Constitution. (Docs. 1-3, 1-4). The latter claims alleged discrimination on the basis of age and national origin. Defendant removed the suit to this Court. (Doc. 1). Plaintiff subsequently submitted a Third Amended Complaint (Doc. 20) but alleged no new claims. At no

point prior to filing his suit did Plaintiff attempt to utilize administrative remedies for the discrimination claims. (Docs. 35-11 at 3-4, 49 at 1).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts are viewed and all reasonable inferences drawn in the light most favorable to the non-moving party. *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). "Summary judgment is a critical moment for a non-moving party. It must 'respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial.'" *Id.* at 894 (quoting *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017)). Speculation, conjecture, or a "mere scintilla of evidence" are not enough to survive a motion for summary judgment. *Id.*

The Court notes Plaintiff is proceeding *pro se*. "Allegations in pro se pleadings are to be construed liberally, applying substantially less stringent standards than those applied to pleadings drafted by professional counsel." *Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992). Nevertheless, "there are no exemptions from the requirements of Rule 56 under the Federal Rules of Civil Procedure"; *pro se* litigants must still meet the summary judgment standard. *Thomas v. Meister Heating & Air Conditioning, Inc.*, No. 03-1038, 2006 WL 898144, at *2 (C.D. Ill. Apr. 6, 2006).

## DISCUSSION

### I. Discrimination Claims

As this Court explained at the dismissal phase:

3

> Plaintiff has brought claims for age and national origin discrimination under Title VII and Article 1, Section 17, of the Illinois Constitution. The Illinois Constitution does not authorize a private right of action to enforce Article 1, Section 17; rather, the Illinois Human Rights Act ("IHRA") provides the exclusive remedy for discrimination claims. *Curtis v. Continental Ill. Nat. Bank*, 568 F.Supp. 740, 742 (N.D. Ill. 1983). The IHRA limits this Court's jurisdiction to claims that have first been raised through the administrative procedures set forth in the statute. See 775 ILL.COMP.STAT. 5/8–111(D) ("[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act"). Thus, a discrimination lawsuit under the IHRA cannot be brought in state or federal court before plaintiff files an administrative charge with the Illinois Department of Human Rights ("IDHR"). *See McQueen v. City of Chi.*, 803 F.Supp.2d 892, 902 (N.D. Ill. 2011); *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525 (7th Cir.2008); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985); *Kalush v. Ill. Dep't of Human Rights Chief Legal Counsel*, 700 N.E.2d 132, 140 (1998); *see also Zaderaka v. Ill. Human Rights Comm'n*, 545 N.E.2d 684, 687–88 (1989) (adopting Title VII framework for IHRA cases). Likewise, as a general rule, before bringing a lawsuit under Title VII, a plaintiff is required to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473 (7th Cir. 2009); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

(Doc. 10 at 3-4). The law set forth above is clear. Although Plaintiff seemed to contest this initially (Doc. 45 at 6), in his Motion for Voluntary Dismissal (Doc. 49 at 1) he now recognizes the requirement of exhaustion. There is no dispute Plaintiff failed to exhaust.

The Court has two motions requesting different dispositions of these claims. Defendant has moved for summary judgment (Doc. 35 at 10-11), but Plaintiff requests dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. 49 at 1). Defendant opposes Plaintiff's motion, arguing it "has already put significant work into this litigation" and "affording [Plaintiff] an opportunity to refile his case would be unfairly prejudicial to Defendant." (Doc. 51 at 2).

The Court agrees with Defendant. Given the stage in litigation, especially in light of the fact that the Court's prior Order (Doc. 10) explained this issue over a year ago, the Court declines to exercise its discretion to dismiss the case without prejudice under Rule 41(a)(2). To do otherwise absent special circumstances would allow plaintiffs to put defendants through the expense of discovery and drafting a motion for summary judgment only to snatch dismissal without prejudice from the jaws of an adverse judgment on the merits. Plaintiff's motion (Doc. 49) is denied, and Defendant's motion (Doc. 35) is granted as to the discrimination claims due to Plaintiff's failure to exhaust administrative remedies.

## II. FCRA Claims

In his Third Amended Complaint (Doc. 20 at 7-8), Plaintiff alleges Defendant violated the FCRA both by procuring a consumer report without a disclosure compliant with 15 U.S.C. § 1681b(b)(2)(A)(i), commonly known as the "stand-alone disclosure requirement," and by using the report as the basis for an adverse action without providing him a copy of the report and a written description of his rights under the FCRA first, in violation of 15 U.S.C. § 1681b(b)(3)(A). Defendant argues both claims are untimely, Plaintiff lacks standing to bring the stand-alone disclosure claim, and Plaintiff cannot show Defendant took adverse action based on the report. Without reaching the statute of limitations, the Court agrees Plaintiff's FCRA claims do not survive Defendant's other arguments.

A.  *Plaintiff Lacks Standing to Bring a Stand-Alone Disclosure FCRA Claim*

Standing "consists of three elements: injury in fact, causation, and redressability." *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 886 (7th Cir. 2017) (citation omitted). Showing these elements is a plaintiff's burden. *Id.*

In *Groshek*, the plaintiff alleged a lack of a stand-alone disclosure in violation of 15 U.S.C. § 1681b(b)(2)(A)(i). *Id.* However, he did not allege he did not understand the consent he was giving, would not have provided consent but for extraneous information, was unaware a report would be procured, or any other injury. *Id.* at 887. The Seventh Circuit held he had "alleged a statutory violation completely removed from any concrete harm or appreciable risk of harm" which did not suffice as a concrete injury to establish standing *Id.*

Under this binding precedent, standing is lacking here. As in *Groshek*, Plaintiff has not alleged—much less provided evidence as required on summary judgment—that he did not understand what he was consenting to, would not have provided his consent had Defendant complied with the stand-alone disclosure requirement, was otherwise unaware a report would be procured, or indeed that there would have been any appreciable difference in either party's conduct had a proper disclosure been provided. He therefore has not established a concrete injury in fact as required for standing; summary judgment is granted to Defendant on Plaintiff's first FCRA claim.

B.  *Plaintiff Failed to Meet His Burden of Showing Admissible Evidence Establishing an Adverse Action Taken Based on the Credit Report*

Plaintiff has also failed to meet his burden on his FCRA adverse action claim. The whole of his argument on this point is:

> Plaintiff incorporates all the allegations contained in the third amended complaint as regards the FCRA claims and the adverse action taken against Plaintiff as a result of that. There is indeed a material dispute of fact as to whether defendant terminated plaintiff partly because of the contents of his credit report or not.

(Doc. 45 at 6).

"[T]o meet his burden at summary judgment . . . a plaintiff must do more than simply point to the allegations in his complaint." *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017). Plaintiff has not done so. He submitted no evidence related to his FCRA claims whatsoever. Plaintiff thus failed to produce any admissible evidence, as required by Rule 56(c), to dispute Defendant's argument that no adverse action was taken based on the credit report. There being no genuine dispute as to this material fact, summary judgment is granted to Defendant on Plaintiff's second FCRA claim.

### III. Withheld Wage Claim

The parties agree Plaintiff brought the withheld wage claim slightly over five years after his employment was terminated. Defendant asserts the statute of limitations for Plaintiff's claim is three years. (Doc. 35 at 5). It cites to Illinois's Minimum Wage Law, specifically to a provision entitled "Civil Action for underpayment of wages . . . ." 820 ILCS 105/12(a) (cited in Doc. 35 at 5).

Plaintiff agrees this statute provides the limitations period for underpayment claims but argues he is asserting a claim for his full paycheck. (Doc. 45 at 5). This, he argues, means his claim was subject to a ten-year statute of limitations rather than a three-year one. (Doc. 45 at 5). He does not cite a statute of limitations or indicate which cause of action he relies upon.

7

Nonetheless, Plaintiff is correct. Illinois's Minimum Wage Law's statute of limitations applies to cases where an "employee is paid by his employer less than the wage to which he is entitled under the provisions of" the Minimum Wage Law. 820 ILCS 105/12. However, Plaintiff appears to be asserting a claim under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq. See Balmes v. Ill. Bell Tel. Co.*, No. 15-cv-2685, 2016 WL 1019764, at *6 (N.D. Ill. Mar. 15, 2016) ("Unlike the [Illinois Minimum Wage Law] . . . , which require[s] employers to pay employees a minimum wage and to pay time and a half for overtime work no matter what, the [Illinois Wage Payment and Collection Act] requires only that employers pay their employees whatever they agreed to pay them."). As relevant here, that Act requires employers "at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period," 820 ILCS 115/3, and "pay the final compensation of separated employees in full . . . in no case later than the next regularly scheduled payday for such employee," 820 ILCS 115/5. It further allows enforcement through a civil action for violations. 820 ILCS 115/14(a). And, as Plaintiff suggests, the statute of limitations for this cause of action is ten years. 735 ILCS 5/13-206 ("[A]ctions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued . . . .").

The parties were talking past one another. Defendant, though counseled, failed to recognize a central part of Illinois's compensation scheme and Plaintiff, proceeding *pro se*, did not cite the statute under which he is suing. However, with Plaintiff's withheld wage claim appearing to be under the Illinois Wage Payment and Collection

Act and made within the statute of limitations for claims under that Act, Defendant's argument his claim was made untimely fails. As Defendant makes no other argument with respect to this claim, summary judgment is denied on the withheld wage claim.

## CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 35) is GRANTED on Plaintiff's discrimination and FCRA claims and DENIED on Plaintiff's withheld wage claim. Plaintiff's Motion for Voluntary Dismissal (Doc. 49) is DENIED. Because the Court found it unnecessary to consider the documents at issue in Plaintiff's Motion to Accept Documents (Doc. 47), it is DENIED WITHOUT PREJUDICE AS MOOT.

SO ORDERED.

Entered this 17th day of May 2019.

                                                                      s/ Joe B. McDade  
                                                                      JOE BILLY McDADE  
                                                           United States Senior District Judge