UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHARLES MOJAPELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-1029 |
| | ) | |
| AVIS BUDGET CAR RENTAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Plaintiff Charles Mojapelo's Request to Amend Complaint (Doc. 56). Defendant Avis Budget Car Rental, LLC, has responded (Doc. 57) and the matter is ripe for review. For the reasons stated below, Plaintiff's request is DENIED.

### BACKGROUND

A full background of this matter may be found in the Court's Order & Opinion on Defendant's Motion for Summary Judgment (Doc. 52). A brief sketch of the dispute is all that is necessary here. Plaintiff was hired by Defendant to work as a shuttler in 2012. He claims he then worked four days a week for several weeks before being fired and never received compensation. Defendant says Plaintiff never worked: when he was hired, his work authorization was pending, and when it was not resolved within a month, he was terminated pursuant to internal procedures.

Plaintiff commenced the instant action in the Circuit Court of the Eleventh Judicial Circuit in McLean County, Illinois, in 2017. He initially alleged only a claim

for unpaid wages. In December 2017 and January 2018, he filed First and Second Amended Complaints, adding claims under the Fair Credit Reporting Act, Title VII of the Civil Rights Act of 1964, and the Illinois Constitution; the Title VII and Illinois Constitution claims alleged he was discriminated against on the basis of age and national origin. Defendant removed the suit to this Court, and Plaintiff filed a Third Amended Complaint.

The Court granted in part and denied in part a motion for summary judgment by Defendant. (Doc. 52). Only the unpaid wage claim survived. The Court entered an Order resetting the Final Pretrial Conference for August 7, 2019, but keeping a previously set September 9, 2019, trial date; the Order also set a pretrial schedule. (Doc. 53). The parties filed an agreed motion requesting all pretrial deadlines be stayed and a telephonic settlement conference be set. (Doc. 54). That motion was granted by Magistrate Judge Jonathan E. Hawley (Minute Entry dated 7/10/2019). A settlement conference was subsequently held, but no settlement reached (Minute Entry dated 8/20/2019). The day after the settlement conference, the Court received the instant request. Plaintiff seeks to amend his complaint to add a claim for unfair dismissal "to make sure that this important issue is not lost but addressed fairly in the settlement." (Doc. 56 at 1).

## LEGAL STANDARD

The Federal Rules of Civil Procedure instruct courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue

delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.' " *Right Field Rooftops, LLC v. Chi. Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). The Court notes Plaintiff is proceeding *pro se*. "Allegations in pro se pleadings are to be construed liberally, applying substantially less stringent standards than those applied to pleadings drafted by professional counsel." *Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992).

## DISCUSSION

After nearly two years of litigation, three amended complaints, and a decision on summary judgment, Plaintiff sought leave to amend his complaint yet again less than a month before the trial date. Defendant argues leave to amend now would unfairly prejudice it. (Doc. 57 at 3-4). The Court agrees.

Particularly persuasive is Defendant's citation to *Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353–54 (7th Cir. 1982). (Doc. 57 at 3-4). In that case, the Seventh Circuit held a motion for leave to amend filed six weeks prior to the trial date, two years after the commencing the action, and several months after discovery was complete "clearly would have prejudiced the defendant, who, having successfully defended against the initial allegations, may have been forced to duplicate its efforts if discovery were reopened." *Id*. at 353. As here, the plaintiffs in that case "offered no explanation for their delay in seeking to amend the complaint" and the proposed new theory of liability "was not novel and did not depend on facts discovered late in the

3

discovery process." *Id.* at 353–54. In those respects, *Murphy* is essentially identical to the instant situation.

The Court finds Defendant would suffer undue prejudice by allowing amendment at this late hour. The trial date—already delayed to October 28, 2019 (Text Order dated 08/28/2019)—would likely need to be further delayed, as Defendant would doubtlessly file a motion to dismiss the new claim (*see* Doc. 57 at 4 (asserting Plaintiff "does not articulate an actionable cause of action" in his request to amend)) and if that failed, a motion for summary judgment. New discovery would potentially be required depending on the precise theory Plaintiff seeks to proceed under, which is not clear from his request. All of this would result in costs to Defendant for a claim that could have been included in any of Plaintiff's four versions of his complaint. The Court will not permit amendment under these circumstances.

## Conclusion

For the foregoing reasons, Plaintiff's Request to Amend Complaint (Doc. 56) is DENIED.

SO ORDERED.

Entered this 4th day of September 2019.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge