UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHARLES MOJAPELO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-1029 |
| AVIS BUDGET CAR RENTAL, LLC, | ) ) ) |
| Defendant. | ) |

## Order & Opinion

This matter is before the Court on motions *in limine* by both parties. (Docs. 63, 64, 65, 66). Defendant has responded to Plaintiff's motions (Docs. 70, 71),[1] but Plaintiff has failed to timely respond to Defendant's motions. For the reasons stated herein, Defendant's motions (Docs. 63, 64) are GRANTED and Plaintiff's motions (Docs. 65, 66) are DENIED.

**I. Defendant's Motions**

Defendant has moved to bar evidence offered to prove emotional distress or otherwise seek punitive damages (Doc. 63) and evidence offered on the time and effort Plaintiff has spent litigation the case (Doc. 64). As Plaintiff failed to respond to either motion before the deadline—or, indeed, at all—these motions are presumed unopposed. CDIL-LR 7.1(B)(2).

---

[1] Defendant inadvertently filed one response as a motion before refiling it as a response; the misfiled Doc. 69 is STRICKEN AS IMPROVIDENTLY FILED.

This Court is unable to find any precedent suggesting the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/3, under which this action is brought, would support a claim for emotional distress or punitive damages. As Defendant correctly points out, the Northern District has held IWPCA "does not provide for punitive damages." *Saribekian v. Concrete Drilling & Sawing Co., Inc.*, 1990 WL 133431, at *6 (N.D. Ill. Sep. 13, 1990). In the absence of any argument why the Court should find otherwise, the Court holds these damages are not available and, consequently, evidence offered for the purpose of proving emotional distress or as a basis for punitive damages would not be relevant and would be unfairly prejudicial. Thus, such evidence is barred under Federal Rules of Evidence 402 and 403.

Both the United States Supreme Court and the Illinois Supreme Court have held *pro se* plaintiffs are not entitled to attorney's fees under even statutes which explicitly allow recovery of attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *Hamer v. Lentz*, 132 Ill.2d 49, 63 (1989). Having not filed a response, Plaintiff gives the Court no reason to believe an award of attorney's fees would be appropriate in this case; he is proceeding *pro se*. Therefore, any evidence regarding the time and effort he spent litigating the case, which does not bear on his right to relief under the statute, would be irrelevant and unfairly prejudicial; such evidence is excluded under Federal Rules of Evidence 402 and 403.

## II. Plaintiff's Motions

Plaintiff's surviving motions *in limine*[2] ask the Court to rule on the admissibility of certain documents (Doc. 65) and exclude certain evidence as hearsay or for lack of authentication (Doc. 66). Defendant timely responded. (Docs. 70, 71).

The first motion appears to be a revival of a motion Plaintiff filed during the briefing on summary judgment (Doc. 47). (Doc. 65 at 1). For clarity of the record, that motion was not denied because the Court accepted Defendant's argument that the exhibit should be excluded due to discovery issues, as Plaintiff suggests (Doc. 65 at 1-2; *see* Doc. 50 at 1-2). Rather, the Court found the proffered exhibit was unnecessary to consider at the time and therefore denied the motion as moot. (Doc. 52 at 9).

However, the Court agrees with Defendant the request is premature. The exhibits may be admissible or not depending on what occurs at trial and how a foundation is provided. The Court cannot say at this early juncture whether or not they are admissible. Therefore, Plaintiff's motion is DENIED without prejudice.

In his second motion, Plaintiff takes issue with three portions of a proposed final pretrial order: (1) "Plaintiff never reported to work when [Margina] Arbuckle attempted to call him in from the on-call list"; (2) "Mark Hutchins subsequently instructed Arbuckle to stop attempting to schedule Plaintiff for work because he did not have the proper work authorization paperwork. Hutchins instructed Arbuckle that Plaintiff could not work until Plaintiff resolved his work authorization issues"; and (3) "On June 25, 2012, Hutchins terminated Plaintiff's employment because

---

[2] One of Plaintiff's motions (Doc. 67) was denied as untimely filed. (Doc. 68).

3

Plaintiff was never available to work." (Doc. 66 at 1). Plaintiff contends these statements are hearsay and the evidence regarding the calls should be excluded as Defendant has not produced phone records showing those calls.

Hearsay refers to "out-of-court statements made by non-witnesses that are offered to prove the truth of the matter asserted." *United States v. Taylor*, 569 F.3d 742, 749 (7th Cir. 2009). The first two statements are clearly not hearsay. Arbuckle will be a witness at trial, and as such any testimony she provides that Plaintiff did not report to work when called will be an in-court statement made by a witness. Hutchins's instructions to Arbuckle are not relevant on the issue of whether Plaintiff had the proper work authorization permit, but rather have relevance in their effect on Arbuckle's behavior. Therefore, they are not hearsay. *United States v. Marchan*, 935 F.3d 540, 546 (7th Cir. 2019); Fed. R. Evid. 801(c)(2). With regard to the final statement, whether it will constitute hearsay depends on how evidence is offered of Hutchins's reasons for terminating Plaintiff's employment and the purpose of that offering. The Court will deny the hearsay objection without prejudice as to the third statement, and Plaintiff may reraise that objection at trial. But nothing indicates the evidence is fundamentally hearsay and should be excluded at this time; it will depend on the method of introduction at trial.

Plaintiff has provided no legal basis for his assertion that Defendant must produce authenticated phone records in order for a witness to testify that a phone call occurred. Nor has he argued such records were requested in discovery but not

4

produced. The Court therefore has no basis to grant his motion on that ground. Plaintiff's motion (Doc. 66) is DENIED.

## Conclusion

Defendant's motions (Dos. 63, 64) are GRANTED. The practical consequence of this ruling is that Plaintiff's potential recovery is limited to those damages allowed in the statute, and does not include punitive damages, damages for emotional distress, or attorney's fees. Plaintiff's motions (Docs. 65, 66) are DENIED. His request to find certain documents admissible and his hearsay objection to the reasons for his termination are denied without prejudice and may be raised at trial. The misfiled Doc. 69 is STRICKEN AS IMPROVIDENTLY FILED.

SO ORDERED.

Entered this 30th day of October 2019.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge